IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CRYSTAL RENEE JENNINGS, ) | Case No: 3:23-bk-01781 |
| ) | Chapter 7 |
| ) | Judge Mashburn |
| Debtor. ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: September 19, 2025**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: September 30, 2025, at 9:30 a.m., in Courtroom 1, United States Bankruptcy Court, 701 Broadway, Nashville, Tennessee (Virtual Hearing if Allowed; See Court's Website for Details)**

The relief described below is being requested from the Court. **YOUR RIGHTS MAY BE AFFECTED**. If you do not want the Court to grant this request, you or your attorney must file a response or objection by the deadline, explaining why you are opposed. **If a response or objection is not filed, the Court may grant the request without a hearing.** Any response must identify the motion to which you are responding and state the response deadline and hearing date.

The Court's filing requirements and instructions can be located on the Court's website at www.tnmb.uscourts.gov/9013. If you need assistance, you may call the Bankruptcy Court at (615) 736-5584 or visit the Bankruptcy Court in person at 701 Broadway, 1st Floor, Nashville, TN during operating hours.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CRYSTAL RENEE JENNINGS, ) | Case No: 3:23-bk-01781 |
| ) | Chapter 7 |
| ) | Judge Mashburn |
| Debtor. ) | |

**TRUSTEE'S MOTION TO**
**APPROVE COMPROMISE AND SETTLEMENT**

Jeanne Ann Burton, chapter 7 trustee herein ("Trustee"), hereby moves (the "Motion") this

Court for entry of an order (the "Order"), substantially in the form submitted herewith, approving

the compromise and settlement of a pre-petition cause of action related to this matter. In support of this Motion, the Trustee respectfully represents as follows:

BACKGROUND

1. On May 19, 2023, Crystal Renee Jennings (the "Debtor") filed a voluntary Chapter 7 petition in this Court. Jeanne Ann Burton was appointed to serve as the Chapter 7 Trustee in this case.

2. During the course of her administration of the estate, the Trustee learned that the Debtor was involved in a motor vehicle accident on May 11, 2022, and had filed suit in state court against Shirly Ghee (the "Defendant") on May 8, 2023, to recover damages associated with that accident.

3. On October 21, 2024, this Court granted the Trustee's motion to retain Wright Gray Harris to represent the Trustee in pursuing the state court cause of action. On February 28, 2025, the Parties attended a mediation, without the participation of the Trustee, who only learned of the mediation a day before the Trustee was out of the office for several weeks. The Trustee only learned of the mediation on February 25, 2025, and was unavailable from February 26, 2025, through March 22, 2025, at which time the Trustee learned that the case did not settle at mediation. According to Ghee, at mediation Ghee and Jennings reached an agreement to settle the State Court Litigation for $35,000 plus court costs. Jennings denies that a settlement was reached, claiming that state court counsel did not have authority to make the $35,000 offer, which was ultimately accepted by Ghee. The Defendant filed a motion with the state court seeking to enforce the terms of an alleged agreement to resolve this matter for $35,000, but the state court denied that motion.

4. Following the mediation, Wright Gray Harris notified the Trustee that it was withdrawing from the state court case and waiving any right to fees or expenses. On July 18, 2025,

the Court approved the substitution of Thompson Burton PLLC for Wright Gray Harris as the Trustee's special counsel.

5. Based on conversations that the Trustee and her new special counsel has had with the Defendant's counsel and prior special counsel, it appears that the demand for $35,000 was reasonable. While prior special counsel has refused to turn over their entire file, inaccurately citing attorney-client privilege, it appears that there were no medical experts to testify that any other medical harm alleged by the Debtor was proximately caused by this automobile accident. Based upon her conversations with prior counsel, and her conversations with Defendant's counsel, the Trustee believes that a $35,000 settlement is fair and appropriate in this case.

6. The Defendant has agreed to pay to the Trustee, and the Trustee has agreed to accept, $35,000 plus court costs to resolve all of the Debtor's claims associated with the May 11, 2022, automobile accident. A copy of the settlement agreement drafted by the parties is attached hereto as <u>Exhibit 1.</u> The Debtor will be entitled to payment of an exemption of $9990.00 upon payment of the settlement amount.

7. It is the Trustee's opinion that this settlement is in the best interest of the estate and should be accepted. To avoid the cost of litigation, the Trustee believes that this proposed settlement is more beneficial to the creditors than continued litigation, especially considering the proof problems that seem to exist with the Debtor's causes of action.

8. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory predicate for the relief requested herein is section 105 of the Bankruptcy Code and rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019").

## RELIEF REQUESTED

10. By the Motion, the Trustee seeks an order approving the settlement and compromise of the state court lawsuit as detailed in Paragraph 6 above.

## APPLICABLE AUTHORITY

11. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fishell v. Soltow (In re Fishell), No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. See, e.g., In re Check Reporting Service, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992); Bartel v. Bar Harbour Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996); In re Foundation for New Era Philanthropy, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

12. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

- the probability of success in litigation;

- the difficulty in collecting any judgment that may be obtained;

- the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it;

- the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-245 (1968); Fishell, 1995 W.L. 66622, at *3; In re Barton, 45 B.R. 225, 227 (M.D. Tenn. 1984); In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); In re Neshaminy Office Bldg. Assoc's., 62 B.R. 798, 803 (E.D. Pa. 1986).

13. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. See TMT Trailer Ferry, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." In re Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court should not substitute its own judgment for that of the debtor. Neshaminy Office, 63 B.R. at 803.

14. Under the circumstances presented here, the Trustee has satisfied the applicable standards.

WHEREFORE, the Trustee respectfully requests that this Court enter an order in the form submitted herewith and grant such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Special Counsel to Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served this 29th day of August, 2025, upon all parties of record through the Court's electronic filing system and by U.S. Mail to all parties listed on the creditor matrix attached hereto.

/s/ Phillip G. Young, Jr.



IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CRYSTAL RENEE JENNINGS, ) | Case No: 3:23-bk-01781 |
| ) | Chapter 7 |
| ) | Judge Mashburn |
| Debtor. ) | |

**ORDER APPROVING COMPROMISE AND SETTLEMENT**

This matter having come for hearing on the motion (the "Motion") filed Jeanne Ann Burton, chapter 7 trustee herein ("Trustee"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an order approving the compromise and settlement of her claims and causes of action for the Debtor's injuries resulting from a May 11, 2022, automobile accident (the "Claims") against Shirly Ghee ("Defendant"); and no party-in-interest having timely filed a response to the Motion; and the Court being satisfied that the relief herein is appropriate under the circumstances; and the court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A. The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Trustee is hereby authorized to enter into all necessary documents, including settlement agreements or agreed orders, to accept $35,000 plus court costs (the "Settlement Payment") in full and final settlement of the Claims against Ghee.

3. Ghee shall pay the Trustee the full amount of the Settlement Payment.

4. Upon receipt of the Settlement Payment, the Trustee shall take all necessary action to dismiss the Debtor's cause of action pending in the Circuit Court for Davidson County, Tennessee against Ghee.

5. The Court will retain jurisdiction to adjudicate any disputes that may arise under this order and to enforce the terms of this order.

> This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Special Counsel to Trustee*